# GANOTE v. STATE.

No. A-11804. March 4, 1953.

(254 P. 2d 798.)

Coffey, Lassiter & Coffey, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Kent Ganote, hereinafter called the defendant, was convicted in the court of common pleas of Tulsa county, Oklahoma, on a charge of the unlawful possession of intoxicating liquor. The offense was alleged to have been committed on December 5, 1951. It was alleged the defendant was in possession of 1½ pint of Sunny Brook federal tax-paid whiskey with the unlawful intent then and there upon the part of the defendant to barter, sell, give away and otherwise furnish same in violation of the prohibitory laws of the state of Oklahoma. To the charge the defendant entered a plea of guilty and upon said plea was sentenced to pay a fine of $60 and serve 30 days in the county jail, from which this appeal was taken; said sentence was to run concurrently with the sentence imposed in cause No. 72976 pending at said time in the court of common pleas of Tulsa county, Oklahoma, wherein judgment and sentence was likewise entered against the defendant.

The appeal was filed in this court on January 24, 1952. The matter was set for oral argument on January 28, 1953. No brief has been filed herein. Appearance for oral argument was made, but said right was waived.

When an appeal is made to this court and no brief in support of the petition in error is submitted and the same is submitted on the record without oral argument, this court will examine the record for jurisdictional errors and will read the evidence to determine if it sufficiently supports the judgment, and if no fundamental error is apparent the case will be affirmed. Whitlow v. State, 85 Okla. Cr. 2, 184 P. 2d 253; Mann v. State, 91 Okla. Cr. 185, 217 P. 2d 547. We have examined the record and find it properly charges the offense of the unlawful possession of intoxicating liquor, and have read the record and examined the judgment and sentence and find the same to be without fundamental error. Therefore, the judgment and sentence herein is affirmed.

POWELL, P. J., and JONES, J., concur.