**J. W. HUNNICUTT, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12136.**

Criminal Court of Appeals of Oklahoma.

March 23, 1955.

768

L. W. Wiley, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal from the District Court of Muskogee County, Oklahoma, wherein J. W. Hunnicutt was charged, by information, with the crime of robbery with firearms, 21 O.S.1951 § 801, the crime was allegedly committed on or about December 18, 1953, the defendant was tried by jury, convicted, his punishment fixed at 20 years in the State Penitentiary, judgment and sentence entered accordingly, from which this appeal was perfected.

The evidence herein discloses that on December 3, 1953, Mr. C. F. Weir and Mr. C. F. Boyer had some cattle in a pasture near Muskogee; at about 8:30 that morning they went to the pasture to feed some cattle; both of them were in their automobiles; Mr. Weir was driving a 1950 Model, Ford One-half Ton Pickup Truck; their duties required them to be separated; Mr. Boyer drove off and Mr. Weir was in the back of his pickup getting ready to throw some hay down when he noticed somebody standing in the opening through the timber; he continued his work of scattering some hay and the individual standing in the clearing approached him within twelve or fifteen feet. Suddenly the individual stopped and jerked out two guns and "threw them down" on Mr. Weir and told him "to get them up". Mr. Weir related that he put his hands up, whereupon this man informed him that he was J. W. Hunnicutt and that he was "just like Pretty Boy Floyd; that nobody liked him, and that the Laws didn't like him". Mr. Weir related that he kept telling him to put those guns up; he finally did and they stood and talked for a few minutes. Then the defendant, Hunnicutt, told him "you are going to report me to the Laws, aren't you?" Mr. Weir related that he said "no, I am not". The defendant, Hunnicutt, told him he was going to take the pickup truck; whereupon Hunnicutt required the defendant to unbutton his overalls on the side; he demanded that he hand him his billfold; when the defendant was informed that he didn't have any money he then told him to take off his hat and throw it on the ground and then he required Mr. Weir to take off his gloves and throw them on the ground; then he said "now take off". Mr. Weir said he started running and that the defendant, Hunnicutt, shot about three or four times. Mr. Weir related that when he got behind the timber, the defendant drove the truck away and an extensive search therefor revealed it was eventually found in the ditch about half a mile East of the Drive-In Theatre south of Muskogee. The evidence by witnesses other than Mr. Weir disclosed that the defendant was seen driving the truck after it was stolen. The defendant was identified in the court room as being the person who took the truck from Mr. Weir at gun point; the defendant demurred to the evidence but offered no evidence in his own defense.

We have carefully examined the information and find it is sufficient to support the charge of robbery with firearms, and is amply supported by the evidence; the record does not disclose any fundamental error prejudicial to the substantial right of the defendant. No briefs were filed in support of this appeal, and no appearance was made at the time this cause was set for oral argument. Under the authority of Whitlow v. State, 85 Okl.Cr. 2, 184 P.2d 253; Ganote v. State, 96 Okl.Cr. 325, 254 P.2d 798, and numerous other cases, the conviction is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.